VERA SCHNEIDER, Appellant, v. MORRIS SCHLAGER et al., Respondents.—

Christ, P. J., Rabin, Hopkins and Munder, JJ., concur; Martuscello, J., dissents and votes to affirm the order of the Appellate Term, with the following memorandum: In this action instituted by plaintiff upon a promissory note, the Appellate Term held it was error for the trial court to have excluded defense testimony under CPLR 4519 as to defendants' transactions with plaintiff's deceased husband. Initially, it must be noted that plaintiff instituted this action in her individual capacity and does not claim to derive her interest from, through, or under her deceased husband. Consequently, defendants' testimony as to their transactions with plaintiff's deceased husband should not have been excluded (*Ehrlich* v. *American Moninger Greenhouse Mfg. Corp.*, 26 N Y 2d 255). Moreover, the exclusion of this testimony was extremely prejudicial to the defense. The key issue at the trial was whether plaintiff had loaned her own money to defendants, for which she received the promissory note. As to this issue, the testimony was in sharp conflict. The exclusion of this testimony in effect limited the defense to a general denial of the loan. Yet, the whole thrust of the defense was to show by way of new matter that (a) plaintiff's deceased husband had made usurious loans to defendants before his death and (b) the note sued upon by plaintiff in her individual capacity was merely a disguised compromise settlement of her husband's usurious loan to defendants. The truth rested on the credibility of the parties before the jury. It is readily apparent that the excluded testimony, relating to the alleged usurious loans made by plaintiff's deceased husband to defendants, was vital to the defense of this action and should have been heard by the jury. It related directly to the credibility of plaintiff, since she claimed throughout the trial that she was suing upon the note in an individual capacity. Moreover, it could have crystallized the defense of lack of consideration for the loans allegedly made by plaintiff to defendants in her individual capacity. For the above-noted reasons, I would affirm the order of the Appellate Term.